Lee Deschamps
Stephen Karl Kortemeier
Deschamps & Kortemeier Law Offices, P.C.
POB 389, Socorro, NM 87801
575-835-2222 fax: 575-838-2922
shiloh.m.p@gmail.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES BURLESON,

    Plaintiff,

v.

THE CITY OF ALBUQUERQUE;
RAY SCHULTZ, Chief of Police; and
BRANDON CARR; BRET LAMPHIRIS;    Case No.: 1:12-cv-0386
LUKE LANQUIT; and DANIEL LOPEZ,

    Defendants.    COMPLAINT FOR VIOLATION
    OF CIVIL RIGHTS UNDER
    42 U.S.C. § 1983

    JURY DEMAND

I. NATURE OF ACTION

1. This is an action seeking damages for personal injuries resulting from an assault and battery by City of Albuquerque Police Officers during their investigation of allegedly stolen toys being sold on the internet.

## II. JURISDICTION

2. This action arises under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments and under federal law, particularly 42 U.S.C. § 1983. This court has jurisdiction under 28 U.S.C. § 1343.

## III. VENUE

3. Venue is proper in the District of New Mexico under 29 U.S.C. § 1391 (b) because the events giving rise to Plaintiff's claims occurred within this judicial district and because the Defendants reside in this district.

## IV. PARTIES

4. At all times material hereto, Plaintiff James Burleson was a resident of the State of New Mexico, owning and operating a commercial establishment located at 1410 Wyoming Blvd., N.E., Albuquerque, New Mexico.

5. The City of Albuquerque, New Mexico (hereinafter "Albuquerque") is a municipal corporation, organized and existing under the laws of the State of New Mexico and is situate within this judicial district and the State of New Mexico.

6.1 At all times material hereto Ray Schultz (hereinafter "Schultz") was the duly appointed Chief of Police for the City of Albuquerque, NM.

6.2 At all times material hereto Schultz was the commanding officer of defendants Carr, Lamphiris, Lanquit and Lopez and was responsible for the training, supervision and conduct of said defendants, as more fully set forth below.

6.3  At all times material hereto Schultz was responsible by law for enforcing the regulations of the City of Albuquerque, and for ensuring that the City of Albuquerque police officers obey the laws of the state of New Mexico and the United States of America.

7.  At all times material hereto, Defendant Brandon Carr (hereinafter "Carr"), was a duly authorized and commissioned officer of the City of Albuquerque Police Department, was employed by the city of Albuquerque; and was actively engaged in exercising official authority at the times complained of herein.

8.  At all times material hereto, Defendant Bret Lamphiris (hereinafter "Lamphiris"), was a duly authorized and commissioned officer of the City of Albuquerque Police Department, was employed by the city of Albuquerque; and was actively engaged in exercising official authority at the times complained of herein.

9.  At all times material hereto, Defendant Luke Lanquit (hereinafter "Lanquit") was a duly authorized and commissioned officer of the City of Albuquerque Police Department, was employed by the city of Albuquerque; and was actively engaged in exercising official authority at the times complained of herein.

10.  At all times material hereto, Defendant Daniel Lopez (hereinafter "Lopez") was a duly authorized and commissioned officer of the City of Albuquerque Police Department, was employed by the city of Albuquerque; and was actively engaged in exercising official authority at the times complained of herein.

11. At all times material hereto, Schultz, Carr, Lamphiris, Lanquit and Lopez were acting under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of New Mexico and the City of Albuquerque.

12. All defendants are being sued in their individual capacities.

## V.  FACTUAL ALLEGATIONS

13. Plaintiff hereby repleads all of the allegations contained in paragraphs one through twelve, inclusive.

14. On or about July 28, 2010, Defendants Carr, Lamphiris, Lanquit and Lopez (hereinafter collectively "these defendants") entered Plaintiff's commercial establishment at 1410 Wyoming Blvd., N.E., Albuquerque, NM in plain-clothes.

15. Without identifying themselves as law enforcement officers, these defendants, or one of them, asked to speak privately with Plaintiff.

16. Plaintiff accommodated the request by showing these defendants into his private office.

17. As Mr. Burleson was setting out chairs, one of the officers backed Plaintiff to the wall and ordered him to sit down.

18. As these defendants had not identified themselves, Plaintiff resisted this assault and responded that he was not going to be told what to do in his store by strangers.

19. Mr. Burleson was again ordered to sit down.

20. As these defendants had not identified themselves, Plaintiff resisted this continued assault and responded by shouting "Get out of my store"; otherwise, Mr. Burleson did nothing to provoke the assault or the subsequent battery.

21. One of these defendants then battered Plaintiff by grabbing his arm and attempted a submission hold.

22. Plaintiff attempted to defend himself by pushing the officer away.

23. It was only during this struggle that two of the officers produced badges but did not verbally identify themselves as police and joined into the battery by pushing Plaintiff into merchandise-laden shelves and by wrenching his arms behind his back.

24. Mr. Burleson offered no further resistance.

25. After subduing Plaintiff, Plaintiff was handcuffed with his arms behind his back.

26. With his arms handcuffed behind his back, one or more of the officers continued their battery by lifting Plaintiff up by his shackled arms, dislocating both of Mr. Burleson's shoulders.

27. One officer gestured to the others and the battery of Mr. Burleson stopped momentarily.

28. Mr. Burleson was then asked if he was willing to cooperate.

29. Plaintiff responded to the effect that he did not know why these men were there and did not know they were law enforcement officers.

30. In the presence of a third party, who had entered the room as a result of the noise, Defendant Carr announced in a loud voice that Plaintiff was not under arrest and that the officers merely wanted to ask questions about toys listed on "Ebay".

31. While shackled Mr. Burleson explained that he did not do the "Ebay" listings; that another employee was responsible for that activity; and consented to search for specific, identified items within his store.

32. After obtaining said "consent", one of the officers, while releasing Plaintiff from the handcuffs, battered Mr. Burleson with his hands, arms or shoulder.

33. Mr. Burleson's employee retrieved the identified items and the same were catalogued and placed in a box for the officers. Mr. Burleson's employee also provided the officers with a description of the individual who sold such items to the store.

33. Afterwards, the officers, or one of them, produced a "consent form" and requested Plaintiff to sign the same. Upon review, Mr. Burleson objected to the mis-statement of fact within the "consent form" to the effect that the officers had, upon first contact, identified themselves as "police". Mr. Burleson refused and did not sign the proffered "consent form".

34. Mr. Burleson's injuries required medical treatment and may require additional medical attention. Mr. Burleson missed time from work due to these injuries.

VI.  PLAINTIFF'S CLAIMS

COUNT ONE – ASSAULT

35.  Plaintiff hereby repleads all of the allegations contained in paragraphs one through thirty-four, inclusive.

36.  Backing Mr. Burleson into a wall and ordering him to take a seat in his own office placed Mr. Burleson in a reasonable apprehension of an immediate battery.

37.  Mr. Burleson did not consent to said assault.

38.  Mr. Burleson did not provoke said assault.

39.  Carr, Lamphiris, Lanquit and Lopez were, at the time of the assault, acting within the scope of their employment and such act was done in the furtherance of the City of Albuquerque's interest.

40.  As a direct and proximate result of the above-referenced unlawful and malicious physical abuse of Plaintiff by Carr, Lamphiris, Lanquit and/or Lopez committed under color of law and under their authority as City of Albuquerque police offices, Plaintiff suffered grievous bodily harm and was deprived of his right to be secure in his person against unreasonable seizure of his person, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States.

## COUNT TWO – BATTERY

41. Plaintiff hereby repleads all of the allegations contained in paragraphs one through forty, inclusive.

42. Plaintiff was battered by, Carr, Lamphiris, Lanquit and/or Lopez or one or more of them, multiple times during the events in question, as alleged above.

43. At no time did Mr. Burleson consent to any battery.

44. At no time did Mr. Burleson provoke any battery.

45. Carr, Lamphiris, Lanquit and Lopez were, at the time of the various batteries, acting within the scope of their employment and such acts were done in the furtherance of the City of Albuquerque's interest.

46. As a direct and proximate result of said batteries, Plaintiff suffered severe and permanent injuries and damages including injuries to both shoulders which have required medical attention and which continue to require medical attention.

47. As a direct and proximate result of said batteries Plaintiff has additionally suffered special damages in the form of medical expenses and will suffer additional special damages in the future in amounts which cannot yet be determined and will be proven at trial, but not less than ten thousand dollars ($10,000.00).

48. The acts of Carr, Lamphiris, Lanquit and Lopez, as set forth above, were intentional, wanton, malicious and oppressive, thus entitling Plaintiff to an award of punitive damages.

COUNT THREE – NEGLIGENT SUPERVISION

49. Plaintiff hereby repleads all of the allegations contained in paragraphs one through forty-eight, inclusive.

50. Prior to the incident involving Plaintiff the City of Albuquerque, and Schultz, learned of several previous incidents involving Carr, Lamphiris, Lanquit and/or Lopez wherein those officers had used unreasonable force on others they had arrested or questioned during investigations.

51. Schultz took no action to discipline Carr, Lamphiris, Lanquit and/or Lopez, or to order them not to repeat such incidents, thus tacitly authorizing such conduct.

52. If Schultz had taken such remedial action, the assault and battery of Plaintiff would not have occurred.

53. The City Council of the City of Albuquerque is vested by state law with the authority to make policy for the city on the use of force in making arrests and/or during investigations or questionings of individuals.

54. The City Council members were aware of a pattern of excessive force by police officers employed by the City of Albuquerque; they were aware that the city's policies regarding the discipline of officers accused of excessive force were so inadequate that it was obvious that a failure to correct them would result in further incidents of excessive force; and the failure to correct said policies caused the excessive force to be used upon Plaintiff as set forth above.  The allegations in this paragraph are

likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

55. At all times material hereto, Defendants Carr, Lamphiris, Lanquit and Lopez, as police officers of the City of Albuquerque were acting under the direction and control of Ray Schultz and the City of Albuquerque and were acting pursuant to the official policy, practice or custom of the City of Albuquerque.

56. Acting under color of law and pursuant to official policy, practice or custom, Defendants Ray Schultz and the City of Albuquerque intentionally, knowingly and recklessly failed to instruct, supervise, control and discipline on a continuing basis, defendants Carr, Lamphiris, Lanquit and Lopez in their duties to refrain from unlawfully and maliciously assaulting and beating citizens and otherwise using unreasonable and excessive force before, during or after the investigation of possible criminal activity.

57. Acting under color of law and pursuant to official policy, practice or custom, Defendants Ray Schultz and the City of Albuquerque intentionally, knowingly and recklessly failed to instruct, supervise, control and discipline on a continuing basis, defendants Carr, Lamphiris, Lanquit and Lopez in the correct procedure for investigating possible criminal activity, including the interviewing of potential suspects.

58. Defendants Ray Schultz and the City of Albuquerque had knowledge, or, had they diligently exercised their duties should have had knowledge that the wrongs which were done, as alleged above, were about to be committed.

59. Defendants Ray Schultz and the City of Albuquerque had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly and recklessly failed or refused to do so. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

60. Defendants Ray Schultz and the City of Albuquerque, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct of defendants Carr, Lamphiris, Lanquit and Lopez. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

61. As a direct and proximate result of the acts of Defendants Ray Schultz and the City of Albuquerque, as set forth above, Plaintiff has suffered physical injury, medical expenses, lost wages, and severe mental anguish in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and protected by 42 U.S.C. § 1983.

62. The acts of Ray Schultz, as stated above, were wanton, malicious and oppressive, thus entitling Plaintiff to an award of punitive damages.

## VI. JURY DEMAND

63. James Burleson hereby requests trial of all triable issues before a jury of twelve persons and herewith submits the appropriate jury fee.

## VII. PRAYER

WHEREFORE, Plaintiff James Burleson prays for judgment as follows:

A. For compensatory damages against all defendants, jointly and severally, in an amount to be proven at trial, but not less than ten thousand dollars ($10,000.00);

B. For exemplary and punitive damages against Ray Schultz, Brandon Carr, Bret Lamphiris, Luke Lanquit and Daniel Lopez, in an amount to be determined by the jury but sufficient to punish these individual and to deter others from the same or similar conduct, jointly and severally;

C. For the costs of suit herein, including Plaintiff's reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and

D. For such other and further relief as the court deems proper.

Respectfully submitted this 3rd day of April, 2012.

_____
Stephen Karl Kortemeier
Deschamps & Kortemeier Law Offices, P.C.
POB 389, Socorro, NM 87801-0389
575-835-2222 / fax: 575-838-2922
Attorney for James Burleson

VERIFICATION

The undersigned, being first duly sworn, upon his/her oath, deposes and states:

1. I am over the age of eighteen years and am competent to be a witness.

2. I have read and understood the foregoing pleading.

3. The matters stated therein are true, accurate and correct to the best of my knowledge, information and belief.

_____
James Burleson

STATE OF NEW MEXICO
COUNTY OF BERNALILLO

SUBSCRIBED AND SWORN TO before me this 29th day of March, 2012, by James Burleson, personally known to me for the purposes stated therein.

_____
Notary Public
My commission expires: 10-26-13

seal

OFFICIAL SEAL
Esmeralda Armijo
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: 10-26-13

❊JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question (U.S. Government Not a Party)
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                             and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing  (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____

DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # ____   AMOUNT ____   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____