Lee Deschamps
Stephen Karl Kortemeier
Deschamps & Kortemeier Law Offices, P.C.
POB 389, Socorro, NM 87801
575-835-2222 fax: 575-838-2922
shiloh.m.p@gmail.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES BURLESON,

        Plaintiff,

v.

RAY SCHULTZ, Chief of Albuquerque
Police Department; and BRANDON CARR;
BRET LAMPIRIS-TREMBA; LUKE LANGUIT;    Case No.: 2:12-cv-0386 WPL/CG
and DANIEL LOPEZ,

        Defendants.                  AMENDED COMPLAINT FOR
                                                            VIOLATION OF CIVIL RIGHTS
                                                             UNDER 42 U.S.C. § 1983

                                                             JURY DEMANDED

AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS

    COMES NOW, the Plaintiff, JAMES BURLESON, by and through his attorney,

Stephen Karl Kortemeier, Deschamps & Kortemeier Law Offices, P.C., and brings this

amended complaint for violation of his civil rights under the Fourth and Fourteenth

Amendments to the United States Constitution and 42 U.S.C. § 1983, and alleges as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 1983 and 1988 and 28 U.S.C. § 1343.

2.  Venue is proper in this district, pursuant to 28 U.S.C. § 1357, as all parties are residents of New Mexico and as all of the acts complained of occurred in New Mexico, Plaintiff's causes of actions arose in New Mexico.

## PARTIES

3.  At all times material hereto, Plaintiff James Burleson was a resident of the State of New Mexico, owning and operating a commercial establishment located at 1410 Wyoming Blvd., N.E., Albuquerque, New Mexico.

4.  The City of Albuquerque, New Mexico is a municipal corporation, organized and existing under the laws of the State of New Mexico and is situate within this judicial district and the State of New Mexico.

5. 1 At all times material hereto Ray Schultz (hereinafter "Schultz") was the duly appointed Chief of Police for the City of Albuquerque, NM.

5.2  At all times material hereto Schultz was the commanding officer of defendants Carr, Lampiris-Tremba, Languit and Lopez and was responsible for the training, supervision and conduct of said defendants, as more fully set forth below.

5.3  At all times material hereto Schultz was responsible by law for enforcing the regulations of the City of Albuquerque, and for ensuring that the City of Albuquerque police officers obey the laws of the state of New Mexico and of the United States of America and the United States Constitution.

6.  At all times material hereto, Defendant Brandon Carr (hereinafter "Carr"), was a duly authorized and commissioned officer of the City of Albuquerque Police Department, was employed by the city of Albuquerque; and was actively engaged in exercising official authority at the times complained of herein.

7.  At all times material hereto, Defendant Bret Lampiris-Tremba (hereinafter "Lampiris-Tremba"), was a duly authorized and commissioned officer of the City of Albuquerque Police Department, was employed by the city of Albuquerque; and was actively engaged in exercising official authority at the times complained of herein.

8.  At all times material hereto, Defendant Luke Languit (hereinafter "Languit") was a duly authorized and commissioned officer of the City of Albuquerque Police Department, was employed by the city of Albuquerque; and was actively engaged in exercising official authority at the times complained of herein.

9.  At all times material hereto, Defendant Daniel Lopez (hereinafter "Lopez") was a duly authorized and commissioned officer of the City of Albuquerque Police Department, was employed by the city of Albuquerque; and was actively engaged in exercising official authority at the times complained of herein.

10. At all times material hereto, Schultz, Carr, Lampiris-Tremba, Languit and Lopez were acting under color of the laws, statutes, ordinances, regulations, policies, customs and usages of the State of New Mexico and the City of Albuquerque and the United States Constitution.

11. All defendants are being sued in their individual capacities.

## FACTUAL BACKGROUND

12. This is a civil action for monetary damages, arising from the fact that Defendants Carr, Lampiris-Tremba, Languit and Lopez illegally detained, handcuffed, assaulted and battered Plaintiff. The claims against Defendant Schultz arise from the fact that by failing to take action after prior similar incidents, Schultz tacitly acquiesced in such behavior and conduct and implicitly adopted such behavior as acceptable.

13. Plaintiff's federal constitutional claims arise under 42 U.S.C. § 1983 and under the Fourteenth and Fourth Amendments to the Untied States Constitution.

14. The Fourth Amendment to the United States Constitution provides, in part, that people shall be secure in their persons and effects against unreasonable searches and seizures and shall not be violated.

15. Specifically, on or about July 28, 2010, Defendants Carr, Lampiris-Tremba, Languit and Lopez (hereinafter collectively "these defendants") entered Plaintiff's commercial establishment at 1410 Wyoming Blvd., N.E., Albuquerque, NM in plain-clothes.

16. Without identifying themselves as law enforcement officers, these defendants, by and through Defendant Lampiris-Tremba asked to speak privately with Plaintiff.

17. Plaintiff accommodated the request by showing these defendants into his private office.

18. As Mr. Burleson was setting out chairs, one of the officers, Defendant Carr, backed Plaintiff to the wall and ordered him to sit down.

19. As these defendants had not identified themselves, Plaintiff resisted this assault and responded that he was not going to be told what to do in his store by strangers.

20. Mr. Burleson was again ordered to sit down by Defendant Carr.

21. As these defendants had not identified themselves, Plaintiff resisted this continued assault and responded by shouting "Get out of my store"; otherwise, Mr. Burleson did nothing to provoke the assault or the subsequent battery.

22. Defendant Carr then battered Plaintiff by grabbing his arm and attempted a submission hold.

23. Plaintiff attempted to defend himself by pushing Defendant Carr away.

24. At this point, Defendant Languit battered Plaintiff by grabbing his other arm and attempting a submission hold.

25. During this struggle Defendants Carr and Languit pushed Plaintiff into merchandise-laden shelves, into a printer, a desk and a wall, and wrenched Plaintiff's arms behind his back.

26. Mr. Burleson offered no further resistance.

27. After subduing Plaintiff, Plaintiff was handcuffed with his arms behind his back by Defendant Lampiris-Tremba.

28. With his arms handcuffed behind his back, one or more of the officers continued their battery by lifting Plaintiff up by his shackled arms, dislocating both of Mr. Burleson's shoulders.

29. Defendant Carr gestured to the others and the battery of Mr. Burleson stopped momentarily.

30. At this point one or more of these defendants produced badges and identified themselves as police. Mr. Burleson was then asked if he was willing to cooperate.

31. Plaintiff responded to the effect that he did not know why these men were there and had not previously known that they were police officers.

32. In the presence of a third party, who had entered the room as a result of the noise, Defendant Carr announced in a loud voice that Plaintiff was not under arrest and that the officers merely wanted to ask questions about toys listed on "Ebay".

33. Plaintiff was handcuffed and was held in the office, his freedom to leave being curtailed by these defendants.  A reasonable person in similar circumstances would not have believed that he was free to leave.

34.  While shackled, Mr. Burleson explained that he did not do the "Ebay" listings; that another employee was responsible for that activity; and consented to search for specific items, which the defendants had identified, within his store.

35. After obtaining said "consent", Defendant Lampiris-Tremba, while releasing Plaintiff from the handcuffs, battered Mr. Burleson with his hands, arms or shoulder.

34. Mr. Burleson's employee retrieved the specifically identified items and the same were catalogued and placed in a box for the officers; and also provided the officers with a description of the individual who sold such items to the store.

35. Afterwards, the officers, or one of them, produced a "consent form" and requested Plaintiff to sign the same.  Upon review, Mr. Burleson objected to the mis-statement of fact within the "consent form" to the effect that the officers had, upon first contact, identified themselves as "police".  Mr. Burleson refused and did not sign the proffered "consent form".

35. Mr. Burleson's injuries required medical treatment and may require additional medical attention.  Mr. Burleson missed time from work due to these injuries.  Plaintiff has suffered severe and continuing pain and may have suffered permanent injuries or limitations of movement.

36. At no time did Carr, Lampiris-Tremba, Languit or Lopez have reasonable suspicion, probable cause or any articulable justification for detaining, assaulting, battering and holding or handcuffing Plaintiff.

37. Upon information and belief, no disciplinary steps were taken against Carr, Lampiris-Tremba, Languit or Lopez for their unlawful detention, assault or battery committed against Plaintiff.

COUNT I – ASSAULT IN VIOLATION OF THE FOURTH AMENDMENT

38. Plaintiff hereby repleads all of the allegations contained in paragraphs one through thirty-four, inclusive.

39. Backing Mr. Burleson into a wall and ordering him to take a seat in his own office placed Mr. Burleson in a reasonable apprehension of an immediate battery.

40. Mr. Burleson did not consent to said assault.

41. Mr. Burleson did not provoke said assault.

42. Carr, Lampiris-Tremba, Languit and Lopez were, at the time of the assault, acting within the scope of their employment.

43. At no time did Carr, Lampiris-Tremba, Languit or Lopez possess a valid warrant, nor did they have exigent circumstances or other lawful reason for the behavior alleged herein.

44. As a direct and proximate result of the above-referenced unlawful and malicious physical abuse of Plaintiff by Carr, Lampiris-Tremba, Languit and/or Lopez

committed under color of law and under their authority as police officers, Plaintiff suffered grievous bodily harm and was deprived of his right to be secure in his person against unreasonable seizure of his person, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States.

COUNT II – BATTERY IN VIOLATION OF THE FOURTH AMENDMENT

45.  Plaintiff hereby repleads all of the allegations contained in paragraphs one through forty-four, inclusive.

46.  Plaintiff was battered by, Carr, Lampiris-Tremba, Languit and Lopez or one or more of them, multiple times during the events in question, as alleged above.

47.  At no time did Mr. Burleson consent to any battery.

48.  At no time did Mr. Burleson provoke any battery.

49.  Carr, Lampiris-Tremba, Languit and Lopez were, at the time of the various batteries, acting within the scope of their employment.

50.  At no time did Carr, Lampiris-Tremba, Languit or Lopez possess a valid warrant, nor did they have exigent circumstances or other lawful reason for the behavior alleged herein.

51.  As a direct and proximate result of said batteries, Plaintiff suffered severe and permanent injuries and damages including injuries to both shoulders which have required medical attention and which continue to require medical attention.

52. As a direct and proximate result of said batteries Plaintiff has additionally suffered special damages in the form of medical expenses and will suffer additional special damages in the future in amounts which cannot yet be determined and will be proven at trial, but not less than ten thousand dollars ($10,000.00).

COUNT III – ILLEGALLY REMAINING IN PLAINTIFF'S PLACE OF BUSINESS IN CONTRAVENTION OF THE FOURTH AMENDMENT

53. Plaintiff hereby repleads all of the allegations contained in paragraphs one through fifty-two, inclusive.

54. The only lawful basis these defendants had to enter into and remain upon the premises of Plaintiff's business was consent.

55. These defendants had no warrant, and there were no exigent circumstances or other lawful reason for them to remain upon Plaintiff's premises, once Plaintiff withdrew consent by telling them to leave.

56. Defendants Carr. Lampiris-Tremba, Languit and Lopez's failure and refusal to leave the premises of Plaintiff's business violated Plaintiff's rights under the Fourth Amendment to the United States Constitution.

57. These defendants' actions, as demonstrated by the refusal to leave, the assault, the battery, and the decision to handcuff Plaintiff in retaliation for Plaintiff's lawful request to leave, were wonton, malicious, intentional and grossly indifferent to Plaintiff's rights.

COUNT IV – PUNITIVE DAMAGES

58. Plaintiff hereby repleads all of the allegations contained in paragraphs one through Fifty-seven, inclusive.

59. The acts of Carr, Lampiris-Tremba, Languit and Lopez, as set forth above, were intentional, wanton, malicious and oppressive, thus entitling Plaintiff to an award of punitive damages.

60. The acts of Carr, Lampiris-Tremba, Languit and Lopez in assaulting and battering Plaintiff were committed with the intent to cause harm and did in fact cause harm to the Plaintiff.

61. The award of punitive damages as against these defendants is justified and necessary in order to dissuade these defendants, and others similarly situated, from behaving in the same or similar fashion in the future.

62. No punitive damages are requested or sought against any municipalities or against any defendant in any official capacity.

COUNT THREE – TACIT AUTHORIZATION OF BEHAVIOR VIOLATING THE FOURTH AMENDMENT

63. Plaintiff hereby repleads all of the allegations contained in paragraphs one through sixty-two, inclusive.

64. Prior to the incident involving Plaintiff Schultz, learned of several previous incidents involving Carr, Lampiris-Tremba, Languit and Lopez wherein those officers

had used unreasonable force on others they had arrested or had violated the civil rights of individuals questioned during investigations.

65. Upon information and belief, Schultz took no action to discipline Carr, Lampiris-Tremba, Languit or Lopez, or to order them not to repeat such incidents, thus tacitly authorizing such conduct.

66. If Schultz had taken such remedial action, the assault and battery, unlawful detention and handcuffing of Plaintiff would not have occurred.

67. Upon information and belief, Schultz was aware of a pattern of excessive force by police officers employed by the City of Albuquerque; and was aware that the city's policies regarding the discipline of officers accused of excessive force were so inadequate that it was obvious that a failure to correct them would result in further incidents of excessive force; and was aware that the failure to correct said policies was likely to cause excessive force to be used upon Plaintiff as set forth above. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

68. At all times material hereto, Defendants Carr, Lampiris-Tremba, Languit and Lopez, as police officers were acting under the direction and control of Ray Schultz and were acting pursuant to the official policy, practice or custom.

69. Acting under color of law and pursuant to official policy, practice or custom, Defendant Ray Schultz intentionally, knowingly and recklessly failed to instruct,

supervise, control and discipline on a continuing basis, defendants Carr, Lampiris-Tremba, Languit and Lopez in their duties to refrain from unlawfully and maliciously assaulting and beating citizens and otherwise using unreasonable and excessive force before, during or after the investigation of possible criminal activity and to otherwise respect and not violate such individuals' constitutional rights.

70.  In the alternative, acting under color of law and pursuant to official policy, practice or custom, Defendant Ray Schultz intentionally, knowingly and recklessly failed to instruct, supervise, control and discipline on a continuing basis, defendants Carr, Lampiris-Tremba, Languit and Lopez in the correct procedure for investigating possible criminal activity, including the interviewing of potential suspects.

71.  Schultz knew or had he diligently exercised his duties should have known that the wrongs which were done, as alleged above, were about to be committed.

72.  Schultz had the power and authority to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly and recklessly failed or refused to do so.

73.  As a direct and proximate result of the acts of Defendant Schultz, as set forth above, Plaintiff has suffered physical injury, medical expenses, lost wages, and severe mental anguish in connection with the deprivation of his constitutional rights guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and protected by 42 U.S.C. § 1983.

JURY DEMAND

74. Plaintiff has previously requested a trial by jury and has tendered the requisite fee.

WHEREFORE, Plaintiff James Burleson prays for judgment as follows:

A. For Nominal or Compensatory damages against the Defendants as stated and as proven at trial;

B. For exemplary and punitive damages against defendants Carr, Lampiris-Tremba, Languit and Lopez in an amount to be determined by a jury to be sufficient to punish these individuals and to deter others from the same of similar conduct in the future;

C. For the costs of this suit, including an award of reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and

D. For such other and further relief as the court deems proper.

Respectfully submitted this 8th day of August 2012.

_____/s/_____
Stephen Karl Kortemeier
Deschamps & Kortemeier Law Offices, P.C.
POB 389, Socorro, NM 87801-0389
575-835-2222 / fax: 575-838-2922
Attorney for James Burleson
shiloh.m.p@gmail.com

CERTIFICATE OF SERVICE

       The undersigned hereby certifies that on the date last written above, a true and complete copy of the foregoing amended complaint was served via CM/ECF as follows:

Kristin J. Dalton, Assistant City Attorney
For Defendants Schultz, Lampiris-Tremba, Languit and Lopez

Michael Jahner
For Defendant Carr

                                                       _____/s/_____
                                                         Stephen Karl Kortemeier