IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES BURLESON,

      Plaintiff,

v.

RAY SCHULTZ, Chief of Albuquerque
Police Dept,; BRANDON CARR;
BRET LAMPHIRIS-TREMBA; LUKE LANGUIT;
And DANIEL LOPEZ,

      Defendants.               No. 2:12-cv-00386 WPL-CG

PLAINTIFF'S MOTION TO EXTEND DISCOVERY
AND TO COMPEL DISCOVERY

      COMES NOW the Plaintiff, JAMES BURLESON, by and through the undersigned attorney and hereby moves this Court for an Order Extending Discovery and for an Order directing RAY SCHULTZ to appear and be deposed at a mutually convenient time within the extended discovery period, and as grounds therefore states:

      1. Ray Schultz is a defendant herein with the allegations against him set forth in Plaintiff's Amended Complaint (Doc. 29).

           a. It is alleged against defendant Schultz that he was at all times material hereto the duly appointed Chief of Police for the City of Albuquerque, NM.

           b. It is alleged against defendant Schultz that he was at all times material hereto at the top of the chain of command with the Albuquerque Police Department.

c. It is alleged against defendant Schultz that he was at all times material hereto responsible for the training, supervision and conduct of the remaining defendants, as officers of the Albuquerque Police Department.

d. It is alleged against defendant Schultz that he was at all times material hereto acting under color of the laws, policies and customs of the City of Albuquerque, State of New Mexico and the United States Constitution.

e. It is alleged against defendant Schultz that prior to the incident complained of by Plaintiff, that this defendant learned of previous incidents involving the remaining defendants, as officers under his command, using unreasonable force or otherwise violating the civil rights of civilians.

f. It is alleged against defendant Schultz that prior to the incident complained of by Plaintiff, that this defendant failed to take any action to discipline the remaining defendants, as officers under his command, thereby tacitly authorizing such conduct.

g. It is alleged against defendant Schultz that prior to the incident complained of by Plaintiff, that this defendant was aware of the following:  (i) a pattern of excessive force by police officers under his command; (ii) the inadequacy of the City of Albuquerque's policies regarding discipline of officers accused of excessive force; and (iii) that the inadequacy was so obvious that a failure to correct the policies was likely to cause future excessive force being used, including that used against Plaintiff.

      h. It is alleged that this pattern was so pervasive as to amount to a practice, custom or policy.

      i. It is alleged that pursuant to such alleged practice, custom or policy that defendant Schultz failed to instruct, supervise, control or discipline, on a continuing basis, the remaining defendants, as officers under his command and control.

      j. It is alleged that defendant Schultz failed to instruct, supervise, control and discipline on a continuing basis the remaining defendants in the correct procedures to be followed in situations like that involving the Plaintiff.

      k. It is alleged that defendant Schultz failed to exercise his power, authority and duty to supervise, control or discipline in the face of the patter of excessive force or failed to exercise his power, authority and duty to instruct, supervise and control the remaining defendants to assure knowledge of and compliance with the correct procedures.

    2. Opposing Counsel (Ms. Dalton of the City of Albuquerque Attorney's Office) has been contacted several times since December 2012 regarding a mutually convenient time for defendant Schultz' deposition. Ms. Dalton deferred the first request and has subsequently taken the position that she did not see where defendant Schultz was individually named or where there were claims against him individually. Plaintiff's counsel and Ms. Dalton have attempted to resolve the dispute over the taking of defendant Schultz's deposition without resorting to a motion. Finally, Ms. Dalton's

position is that it is not appropriate to schedule defendant Schultz' deposition. In light of this position and the imminent close of discovery any attempt to proceed with a notice of deposition and await the inevitable Notice of Non-Attendance and then to file a motion was deemed futile.

3. This motion is supported by the Memorandum filed herewith.

WHEREFORE, Plaintiff prays for an Order of this Court as follows:

A. Extending the discovery deadline for 45 days; and

B. Compelling defendant Ray Schultz to appear at a mutually convenient time and place within the extended discovery for the purpose of his deposition.

Respectfully submitted this 25th day of February 2013.

_____/s/_____
Stephen Karl Kortemeier
Deschamps & Kortemeier Law Offices, P.C.
POB 389, Socorro, NM 87801-0389
575-835-2222 / fax: 575-838-2922
Attorney for James Burleson

CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on the date last written above a true and complete copy of the foregoing was sent to the following via the CM/ECF system:

City of Albuquerque
Kristin J. Dalton, Assistant City Attorney
POB 2248
Albuquerque, NM 87102
Attorney for Ray Schultz, Bret Lamphiris-Tremba, Luke Languit and Daniel Lopz

Michael S. Jahner
4908 Alameda Blvd. N.E.
Albuquerque, NM 87113
Attorney for Brandon Carr

                                      _____/s/_____
                                           Stephen Karl Kortemeier