IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES BURLESON,

        Plaintiff,

v.

RAY SCHULTZ, Chief of Albuquerque
Police Dept.; BRANDON CARR;
BRET LAMPHIRIS-TREMBA; LUKE LANGUIT;
And DANIEL LOPEZ,

        Defendants.                  No. 2:12-cv-00386 WPL-CG

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION TO EXTEND DISCOVERY
AND TO COMPEL DISCOVERY

      COMES NOW the Plaintiff, JAMES BURLESON, by and through the undersigned attorney and respectfully submits this Memorandum in Support of Plaintiff's Motion to Extend Discovery and to Compel Discovery.

      I.  RAY SCHULTZ AS A NAMED DEFENDANT

      One of Ms. Dalton's objections to noting Defendant Shultz for a deposition was "because I could not see where he was individually named". Ray Schultz is the lead defendant.

      Ms. Dalton also objected because she could not see "where there were claims against him individually". The Motion sets forth with some particularity the claims against Ray Schultz and those references are hereby incorporated herein.

Sec. 1983 liability against a supervisor, namely Chief of Police Ray Schultz, requires "an affirmative link" between the alleged violation and the supervisor.  This jurisprudence has been developed notably in the context of a qualified immunity defense.  In this context, Plaintiff is merely demonstrating the sufficiency of the allegations in the face of a refusal to allow a deposition and not in response to the assertion of qualified immunity.

"Section 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement of which subjects or causes to be subjected that plaintiff to the deprivation of any rights secured by the Constitution" (internal punctuation, quotations and citations omitted).  *Dobbs v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010).

It is the establishment or <u>utilization</u> of an unconstitutional custom which can serve as the supervisor's "affirmative link" to the constitutional violation (emphasis added).  *See Id.*

*Keith v. Koerner*, 12-3101 (10th Cir. 2-12-2013) indicates that policy decisions not to address known problems as well as the lack of training programs were allegations which went, in that case, beyond formulaic labels and conclusions and met the intermediate pleading standard (at page 7, referenced for persuasive, illustrative authority only).

*Dobbs* has been understood, in this district, to require the plaintiff merely to prove an affirmative link between the unconstitutional acts of subordinates and the supervisors adoption of any plan or policy, express or otherwise, showing their authorization or approval of such misconduct. *Pena v. Greffert* (D.N.M. 1-28-2013) (civ 12-0710 JB/WDS) (page 47, internal punctuation, quotations and citations omitted, referenced for persuasive, illustrative authority only).

2.  FACTS IMPLICATING TRAINING / POLICIES / CUSTOM

At this point in the case, the deposition of defendant Carr sheds light on the allegations pled and provides a factual basis for the allegations. A central factual issue in this case is the application of handcuffs to James Burleson during an interview by the police officers, the defendants other than Schultz. Dispute exists over both the use of force by the officers during the handcuffing and the unnecessary and unreasonable use of force after the handcuffs had been applied.

Defendant Carr described his efforts immediately prior to the handcuffing as trying to calm Mr. Burleson down; to de-escalate the situation: "that is what we are trained to do". (Deposition of Brandon Carr, attached hereto as Exhibit A, page 73 line 12 through page 75 line 10). Defendant Carr also implicated other officers (thereby making a <u>prima facie</u> showing of a plan, policy or custom, in speaking of the use of

handcuffs to de-escalate interviews[1]: "I have used it as a de-escalation technique, as have many officers". (Ex. A. page 78, line 25 to page 19, line 11).

In addition, it is public knowledge that the United States Department of Justice is taking and reviewing complaints from the citizens of Albuquerque regarding allegations of excessive force by Albuquerque Police Officers.

3. DISCOVERY DEADLINE

As all counsel had previously been cooperative in arranging for convenient times and places for parties' depositions, counsel had no reason to suspect that this defendant's deposition would be resisted until the last series of communications between counsel. As the discovery deadline, as extended, is now March 1, 2013, it is not possible to obtain a ruling on this motion and to schedule the deposition of defendant Schultz (assuming it is so ordered) within the existing deadline. Therefore it is respectfully requested that said deadline be extended to accommodate counsel and defendant Schultz.

4. CONCLUSION

Plaintiff's Amended Complaint contains sufficient allegations against defendant Schultz to allow for Chief Schultz' deposition. Insufficient time remains for such deposition to be taken at a mutually convenient time. Defendant Schultz' counsel has been adamant and consistent in her position that it would be inappropriate to schedule

---

[1] Carr's reference to "officer safety", when probed meant that Mr. Burleson was merely being "non-compliant" (Ex. A, page 75, lines 18-25; page 76, lines 11 – 24; and page 78, lines 5 – 15).

MEMORANDUM IN SUPPORT OF MOTION TO COMPEL / EXTEND        Page 4 of 5

his deposition despite the communication between counsel to attempt to resolve this matter prior to making application to the Court. Under the circumstances, a notice of deposition would be futile.

This Court is requested to enter an order compelling defendant Schultz to appear and be deposed at a mutually convenient time and place within the extended discovery deadline.

This Court is requested to enter an order extending the discovery deadline for the purpose of taking defendant Schultz' deposition only: an extension of approximately 45 days.

Respectfully submitted this 25th day of February, 2013.

_____/s/_____
Stephen Karl Kortemeier
Deschamps & Kortemeier Law Offices, P.C.
POB 389, Socorro, NM 87801-0389
575-835-2222 / fax: 575-838-2922
Attorney for James Burleson

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date last written above a true and complete copy of the foregoing was sent to the following via the CM/ECF system:

City of Albuquerque
Kristin J. Dalton, Assistant City Attorney
POB 2248
Albuquerque, NM 87102
Attorney for Ray Schultz, Bret Lamphiris-Tremba, Luke Languit and Daniel Lopz

Michael S. Jahner
4908 Alameda Blvd. N.E.
Albuquerque, NM 87113
Attorney for Brandon Carr

_____/s/_____
Stephen Karl Kortemeier